

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **SHAKEERA ANDERSON** | : CIVIL ACTION NUMBER: |
| 30 Second Avenue | : |
| Claymont, DE 19703 | : |
|  | : |
| vs. | : **13    2660** |
|  | : |
| **CROZER-CHESTER MEDICAL CENTER** | : |
| One Medical Center Boulevard | : |
| Upland, PA, 19013 | : |
|  | : **CIVIL ACTION COMPLAINT** |
| and | : |
|  | : |
| **CROZER-KEYSTONE HEALTH SYSTEM** | : |
| 100 West Sproul Road | : |
| Springfield, PA 19064 | : |

## COMPLAINT

Shakeera Anderson (henceforth referred to as "Anderson" and/or "plaintiff"), for

her complaint, avers as follows:

### JURISDICTIONAL STATEMENT

1)      This action is brought pursuant to 42 U.S.C. §1332, and plaintiff hereby

avers that the amount in controversy in the above captioned matter exceeds the

jurisdictional limits and that said controversy arises between citizens of different states

as is required by the aforementioned statute in order to invoke the "Diversity of

Citizenship" jurisdiction of this Court.   Plaintiff further invokes the pendant

jurisdiction of this Court to hear and decide any claims arising under state law.

Plaintiff is a resident of the State of Delaware and defendants are residents of the Commonwealth of Pennsylvania.

2)     This action arises from a fall down incident that occurred in Upland Township, Delaware County, Pennsylvania.   Moreover, the defendants reside in Delaware County, Pennsylvania.   Therefore, this matter is properly venued in this, the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3)     At all relevant times, plaintiff Shakeera Anderson, was an adult individual and citizen of the State of Delaware residing at the address identified in the caption above.

4)     At all relevant times, defendant Crozer-Chester Medical Center, was corporation or other quasi-business entity residing in the Commonwealth of Pennsylvania with a principle place of business or registered address identified in the caption above.

5)     At all relevant times, defendant Crozer-Chester Health System, was corporation or other quasi-business entity residing in the Commonwealth of Pennsylvania with a principle place of business or registered address identified in the caption above.

## SUBSTANTIVE ALLEGATIONS

6)     Plaintiff repeats each and every allegation of all preceding paragraphs

with the same force and effect as if set forth here at length.

7)      At all relevant times, defendants acted themselves, and/or by and through their employees, agents, and/or ostensible agents.

8)      At all times material and relevant to this complaint, defendants, as entities and/or through their agents, owned, managed, controlled and/or maintained the hospital located at One Medical Center Boulevard, Upland, PA, 19013 (henceforth referred to as the "subject property").

9)      At all relevant times, defendants had a duty keep the subject property free and clear of any unreasonable dangers or hazards, and/or to prevent any new or increased hazards or dangers from occurring through its own conduct and/or the conduct of its employees, agents and/or ostensible agents.

10)     At all relevant times, defendants had a duty to use reasonable care to ensure that the floor inside the hospital at the subject property were reasonably safe for members of the public and invitees, including plaintiff, who were using them.

11)     At all relevant times, defendants had a duty to warn members of the public and invitees, such as plaintiff, of any dangerous conditions at the subject property.

12)     At all relevant times, defendants had a duty to exercise reasonable care to ensure that the condition of the floor inside the hospital at the subject property did not

subject members of the public and invitees, such as plaintiff, to an unreasonable risk of harm.

13)    At all relevant times, plaintiff was an invitee of defendants.

14)    On approximately July 9, 2012, plaintiff was an invitee inside the hospital located at the subject property when she slipped and fell due to a dangerous condition.

15)    Specifically, the dangerous condition was an accumulation of cleaning/mopping/buffing/polishing liquid and/or fluid on the floor of the subject property, which existed without warning to the plaintiff.

16)    At all relevant times, the defendants knew or should have known about the accumulation of liquid and/or fluid and had ample time to eliminate or correct the dangerous condition prior to plaintiff's fall.

17)    At all relevant times, the accumulation of liquid and/or fluid which caused plaintiff to slip and fall were dangers and/or hazards which were the result of the negligence and/or breach of the aforementioned duties of defendants, their employees, agents and/or ostensible agents.

18)    At all relevant times, defendants failed to warn plaintiff about the accumulation of liquid and/or fluid which caused her to slip and fall.

19)    As a direct and proximate result of defendants' liability-producing conduct and this resulting accident, plaintiff suffered injuries which are serious and/or

permanent, including injuries to her right knee and ankle including a tear of her ATL in the right ankle.

20)     As a direct and proximate result of defendants' conduct, more specifically defined below, plaintiff suffered significant pain and suffering, anguish, inconvenience, loss of life's pleasures, lost earnings and/or earning capacity and/or scarring/disfigurement.

21)     As a result of this incident, plaintiff was injured and harmed as described more fully below.

22)     The aforesaid incident resulted solely from the negligence and carelessness of defendants, and was due, in no manner whatsoever, to any act or failure to act on part of the plaintiff.

## COUNT I
## ANDERSON V. CROZER-CHESTER MEDICAL CENTER
## NEGLIGENCE

23)     Plaintiff repeats each and every allegation of all preceding paragraphs with the same force and effect as if set forth herein at length.

24)     Plaintiff avers that defendant had actual and/or constructive notice of the dangerous condition of the accumulation of water and/or liquid that caused injury to plaintiff.

25)     The aforesaid accident resulted solely from the negligence and carelessness of defendant herein and was due in no manner whatsoever to any act or

failure to act on the part of plaintiff.

26)   The negligence and carelessness of defendant consisted of the following:

a.   allowing a dangerous condition to exist on the aforesaid premises;

b.   failing to properly maintain a safe floor in its property;

c.   failing to maintain a safe property;

d.   failing to properly inspect the floor of its property;

e.   failing to warn plaintiff of the dangerous condition;

f.   failing to correct said dangerous condition;

g.   failing to properly train and/or instruct its employees and/or agents regarding how to maintain a safe floor in its property;

h.   failing to properly train and/or instruct its employees and/or agents regarding how to correct and/or eliminate dangerous conditions on the floor of its property;

i.   failing to properly train and/or instruct its employees and/or agents regarding how to properly clean the floors of its property;

j.   failing to provide adequate warning of the dangerous condition;

k.   failing to warn plaintiff and/or others similarly situated of the dangerous condition;

l.   failing to eliminate and/or otherwise correct the dangerous condition;

m.   failing to timely eliminate and/or otherwise correct the dangerous condition; and,

n.   causing a dangerous condition.

27)     As a further result of the accident, plaintiff has suffered a severe and permanent loss of earning capacity and may continue to do so for an indefinite time into the future.

28)     As a further result of this accident, plaintiff has been obligated to receive medical attention and care for her injuries, and to incur various expenses for said care, and will be obligated to continue to expend such sums and expenditures and may continue to expend such sums for an indefinite time in the future.

29)     As a further result of this accident, plaintiff has been unable to attend to her daily chores, duties, occupations, and may be unable to do so for an indefinite period of time in the future.

30)     As a further result of this accident, plaintiff has or may continue to in the future incur other financial expenses or losses to which she is entitled to recover.

31)     As a further result of this accident, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconveniences, and loss of life's pleasures, and will continue to suffer the same for an indefinite time in the future.

32)     As a direct and proximate result of this accident, plaintiff suffered serious and severe bodily injuries which are or may be permanent including injuries to her right knee and ankle including a tear of her ATL in the right ankle.

**WHEREFORE**, plaintiff demands judgment in her favor and against defendant for an amount NOT in excess of the $150,000.00 Arbitration limit, plus attorney's fees,

costs and expenditures, sums, delay damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

## COUNT II
## ANDERSON V. CROZER-KEYSTONE HEALTH SYSTEM
## NEGLIGENCE

33)     Plaintiff repeats each and every allegation of all preceding paragraphs with the same force and effect as if set forth herein at length.

34)     Plaintiff avers that defendant had actual and/or constructive notice of the dangerous condition of the accumulation of water and/or liquid that caused injury to plaintiff.

35)     The aforesaid accident resulted solely from the negligence and carelessness of defendant herein and was due in no manner whatsoever to any act or failure to act on the part of plaintiff.

36)     The negligence and carelessness of defendant consisted of the following:

     a.     allowing a dangerous condition to exist on the aforesaid premises;

     b.     failing to properly maintain a safe floor in its property;

     c.     failing to maintain a safe property;

     d.     failing to properly inspect the floor of its property;

     e.     failing to warn plaintiff of the dangerous condition;

     f.     failing to correct said dangerous condition;

     g.     failing to properly train and/or instruct its employees and/or agents

regarding how to maintain a safe floor in its property;

h.  failing to properly train and/or instruct its employees and/or agents regarding how to correct and/or eliminate dangerous conditions on the floor of its property;

i.  failing to properly train and/or instruct its employees and/or agents regarding how to properly clean the floors of its property;

j.  failing to provide adequate warning of the dangerous condition;

k.  failing to warn plaintiff and/or others similarly situated of the dangerous condition;

l.  failing to eliminate and/or otherwise correct the dangerous condition;

m.  failing to timely eliminate and/or otherwise correct the dangerous condition; and,

n.  causing a dangerous condition.

37)  As a further result of the accident, plaintiff has suffered a severe and permanent loss of earning capacity and may continue to do so for an indefinite time into the future.

38)  As a further result of this accident, plaintiff has been obligated to receive medical attention and care for her injuries, and to incur various expenses for said care, and will be obligated to continue to expend such sums and expenditures and may continue to expend such sums for an indefinite time in the future.

39)  As a further result of this accident, plaintiff has been unable to attend to her daily chores, duties, occupations, and may be unable to do so for an indefinite

period of time in the future.

40)     As a further result of this accident, plaintiff has or may continue to in the future incur other financial expenses or losses to which she is entitled to recover.

41)     As a further result of this accident, plaintiff has suffered severe physical pain, aches, fear, mental anguish, humiliation, inconveniences, and loss of life's pleasures, and will continue to suffer the same for an indefinite time in the future.

42)     As a direct and proximate result of this accident, plaintiff suffered serious and severe bodily injuries which are or may be permanent including injuries to her right knee and ankle including a tear of her ATL in the right ankle.

**WHEREFORE**, plaintiff demands judgment in her favor and against defendant for an amount NOT in excess of the $150,000.00 Arbitration limit, plus attorney's fees, costs and expenditures, sums, delay damages, pre- and post- judgment interest, and any further relief as is just and appropriate.

**SILVERMAN TROTMAN
& SCHNEIDER, LLC**

Louis T. Silverman, Esquire
Michael Lalli, Esquire
*Attorneys for Plaintiff*

Date: May 9, 2013

# VERIFICATION

I, Shakeera Anderson, hereby states that I am the plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C.S. §4909 relating to unsworn falsification to authorities.

Date: 5/9/13

X Shakee Anh